CHARLES M. BLAIR & CO., INC. *vs.* SECURITIES DIVISION.

Suffolk.   December 8, 1987. — February 10, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Uniform Securities Act. Securities,* Registration of broker-dealer.

A hearing officer in the Securities Division of the office of the State Secretary
   erred in denying an application for registration as a securities broker-
   dealer on the basis of his ruling that the applicant had not sustained its
   burden of proving that to grant the application would be in the public
   interest, inasmuch as the applicable statute, G. L. c. 110A, § 204 (*a*),
   requires that the application be granted unless the division proves, by
   substantial evidence, that denial of the application would be in the public
   interest. [661-662]

CIVIL ACTION commenced in the Superior Court Department
on August 14, 1986.

The case was heard by *Haskell C. Freedman*, J., sitting
under statutory authority.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*James P. Delphey (Gerald F. Rath* with him) for the plaintiff.

*Richard M. Brunell,* Assistant Attorney General, for the
Securities Division.

WILKINS, J. We conclude that the Securities Division (divi-
sion) of the office of the Secretary of the Commonwealth did
not apply the proper test in passing on the application of the
plaintiff (Blair) for registration as a broker-dealer in the Com-
monwealth. A judge sitting in the Superior Court sustained the
division, and we transferred Blair's appeal here on our own
motion. We reverse the judgment and direct that a judgment
be entered remanding the proceeding to the division for recon-
sideration.

In March, 1986, Blair applied to the division for registration
as a broker-dealer pursuant to G. L. c. 110A, § 202 (1986 ed.).

On April 15, 1986, the division issued Blair a notice to show cause why the application for registration should not be denied. The acting director of the division, as hearing officer, held a hearing in May, 1986, and by an "Opinion, Findings and Order" denied the registration application in July, 1986.

The division, acting for the State Secretary (950 Code Mass. Regs. § 14.406 [a][1] [1986]), may deny an application for registration "if [it] finds (1) that the order is in the public interest and (2) that the applicant or registrant or, in the case of a broker-dealer, any partner, officer, or director . . . or any person directly or indirectly controlling the broker-dealer" falls within any one of nine circumstances. G. L. c. 110A, § 204 (*a*) (1986 ed.). Of those circumstances, one was clearly applicable to Blair. Its president and sole stockholder had been the subject of a permanent injunction issued by the United States District Court for the Central District of California in 1984 enjoining him and his agents from engaging in certain unlawful conduct in connection with the purchase or sale of the securities of the Universal Energy Corporation. See § 204 (*a*)(D).

Because one of the circumstances listed in § 204 (*a*) existed, the question at the hearing concerned the public interest aspect of § 204 (*a*). In arguing the public interest issue, the division relied solely on the allegations of the Securities and Exchange Commission (S.E.C.) that led to the injunction and on the injunction itself. Blair presented evidence concerning itself and pointed out that the injunction was issued against its president by consent without any admission of the allegations against him. The hearing officer ruled that the company had "not sustained the burden of proving that its registration would be in the public interest" and denied the application.

The hearing officer stated the issue inappropriately, and at the same time misplaced the burden of proof. An application for registration may be denied only if the division finds that the order of denial is in the public interest. The issue thus is whether denial is in the public interest and not whether admission is in the public interest. See *Mayflower Sec. Co.* v. *Bureau of Sec.*, 64 N.J. 85, 90-91 (1973). Moreover, the burden is on the division to prove that denial of the application is in the

public interest. Section 204 (*a*) makes no distinction between a broker-dealer revocation or suspension proceeding and a proceeding involving a broker-dealer registration application. In each instance, there must be a finding that the order is in the public interest. The agency must make that showing in order to justify its action in denying, suspending, or revoking a broker-dealer registration. The absence of substantial evidence showing that such an order is in the public interest would require that the division not deny, suspend, or revoke registration.

The division must reconsider its decision, applying the proper standard and placing the burden of proof appropriately. We decline Blair's invitation to decide whether there was substantial evidence that would support a ruling that a denial of registration would be in the public interest. New or additional evidence may be offered on the question. In any event, the matter is for the agency in the first instance. We do add that, in some instances, the circumstances leading to an injunction might themselves present reasons in the public interest to deny a registration application. We note the possibility that the S.E.C.'s unadmitted factual allegations that lead to an injunction by consent might shift to an applicant for registration the burden of coming forward with evidence to disprove them. See 2 L. Loss, Securities Regulation 1328 (2d ed. 1961). Even if the facts alleged by the S.E.C. could constitute substantial evidence standing alone, that evidence would have to be weighed with the evidence offered by the company on its behalf.

The judgment is reversed and judgment shall be entered remanding the proceeding to the division for reconsideration.

*So ordered.*